AGNES BOSSIAN *vs.* UNITED ELECTRIC RAILWAYS COMPANY.

JANUARY 28, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This action of trespass on the case for negligence was tried to a jury in the superior court and resulted in a verdict of $5,000 for the plaintiff. The defendant filed a motion for a new trial which was denied by the trial justice. The case is before us solely on its exception to such denial. Its other exceptions which were neither briefed nor argued are deemed to be waived.

On March 31, 1950 plaintiff was a passenger in one of defendant's trackless trolleys, hereinafter called the bus. She claims the bus made a sudden stop on Constitution Hill near Benefit street in the city of Providence, and that she was thrown to the floor and received a severe injury to her right knee and bruises and contusions to her head. The operator of the bus and three passengers testified for defendant on the question of liability. The operator denied any sudden stop on Constitution Hill. The said passengers testified that there was a sudden stop on the Mall in Providence but that they saw no one fall. Two of them stated there was no stop on Constitution Hill and the other one said she did not recall any.

The bus was crowded and many passengers stood in the aisle. The plaintiff was standing near the bus driver and the three passenger witnesses were seated in the rear. Cross-examination brought out enough to warrant the jury in believing that these passengers were not in a position to see what happened at the front of the bus.

The defendant admits that plaintiff complained to the driver shortly after the bus passed the top of Constitution Hill, and that upon arrival in Pawtucket at the end of the trip she was interviewed by one of defendant's inspectors. In fact defendant admitted before us it could not deny that plaintiff received an injury on this bus, but it urged that the testimony of the three disinterested passengers should be accepted as to where the sudden stop occurred.

The trial justice in denying the motion for a new trial pointed out that the three passengers, who were seated, would not be likely to pay much attention as to where the sudden stop occurred, whereas plaintiff, who was thrown to the floor, would have every reason to remember the particular place. He also called attention to the fact that the vision of these passengers would be obstructed. The defendant's counsel admitted the trial justice performed his duty as laid down in our cases but he still argues that the

verdict was against the weight of the evidence. He relies upon the following quotation in *Nichols* v. *New England Tel. & Tel. Co.,* 57 R. I. 180, 185: "On the other hand, a trial justice would be remiss in the performance of his duty if, after considering the credibility of the witnesses and weighing all the evidence, he should fail to grant a motion for a new trial whenever in his sound judgment the verdict of the jury is not supported by a fair preponderance of the evidence, and therefore fails to respond truly to the real merits of the controversy."

The trial justice did not feel that the verdict was unsupported by the fair preponderance of the evidence. On the contrary he expressed the opinion that the jury was justified in accepting plaintiff's story. The number of witnesses is not the conclusive test of the weight of evidence and there is nothing improbable in plaintiff's testimony concerning where and how the accident happened.

The defendant requested the following special finding: "Did the trackless trolley in question make a sudden and unusual stop on Constitution Hill at Benefit Street?" The jury answered "Yes." This makes it abundantly clear that the attention of the jury was called to the claims as to where the accident happened. As far as liability is concerned, the verdict as thus approved must stand since the trial justice performed his duty and we cannot say that his decision was clearly wrong.

The defendant also attacks the amount of the verdict. It would serve no useful purpose to review the testimony as to expenses, loss of wages, and other items. The defendant argues that if the jury allowed for one year's disability her money loss would amount to $2,340, and adding to that $723.65 for medical and hospital expenses the total would be $3,063.65. It then claims that the difference between that figure and the verdict of $5,000, namely, approximately $2,000, which was given for pain and suffering, was grossly excessive. At the time of the accident plaintiff was head

pantry girl in charge of the salad department at the Sheraton-Biltmore Hotel in Providence, a job which required her to be on her feet eight hours a day. She worked for some time after the accident but finally her injured knee became so painful she was forced to submit to an operation for a ruptured cartilage. She testified as to severe pain, inconvenience, and inability to stand on her feet for any length of time. She also testified as to injuries to her head and stated that she was nervous and unable to sleep after the accident. From a consideration of the transcript we cannot say that the amount of the verdict which was approved by the trial justice is grossly excessive.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Aram A. Arabian, George Ajootian,* for plaintiff.

*Frank J. McGee,* for defendant.